UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TED KALDIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-10-0807 |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY, INC., WARDLAW CLAIMS | § | |
| SERVICE, INC., and CHARLES E. | § | |
| LOLLAR, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMEMORANDUM AND ORDER

Pending before the Court is the Motion to Remand (Doc. No. 13) of Plaintiff Ted Kaldis ("Plaintiff"). Upon considering the Motion, all responses thereto, and the applicable law, the Court concludes that the Motion should be granted.

### I.    BACKGROUND

This is an insurance dispute arising from damage to property that resulted from Hurricane Ike. Plaintiff Ted Kaldis is suing Defendant Scottsdale Insurance Company, Inc. ("Scottsdale"), Wardlaw Claims Service, Inc. ("Wardlaw"), and Charles E. Lollar ("Lollar") ("Defendants" collectively), alleging that Defendants conspired to adjust the damages to his property beneath the deductible amount so as to pay Plaintiff nothing. Plaintiff asserts that he is entitled to $78,117.00 in damages excluding extra-contractual damages and attorneys' fees.

Plaintiff was apparently initially unaware of the identities of Scottsdale's adjusters. Therefore, he filed suit in Harris County state court, making allegations against

Scottsdale and two John Doe defendants. When Scottsdale removed the case to this Court, it identified Wardlaw and Lollar as the John Doe Defendants.

Plaintiff now moves to have this case remanded, alleging that it lacks complete diversity because Wardlaw and Plaintiff are both Texas residents. Defendant argues that Wardlaw has been improperly joined in this action because Plaintiff has failed to establish a valid cause of action against it, and its residency should therefore not be considered for purposes of jurisdiction.

## II.  LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2)(2005). The party that seeks removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). The court must strictly construe the removal statutes in favor of remand and against removal. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Under the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allsate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the removing party must prove either that there

has been actual fraud in the pleading of jurisdictional facts, or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against that party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). The defendant must demonstrate that there is no possibility of recovery by the plaintiff against the non-diverse defendant, that is, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id*. at 573 (citations omitted). A court may resolve this issue in one of two ways: by conducting a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the it states a claim under state law against the non-diverse defendant, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id.* Ordinarily, if a plaintiff can survive a 12(b)(6)-type challenge, there is no improper joinder. *Id*. Thus, in order to defeat Plaintiff's Motion for Remand, Defendants must show that this case was properly removed to this Court under 28 U.S.C. § 1441, that is, that Wardlaw, a purportedly non-diverse defendant, was improperly sued by Plaintiff.

## III.   ANALYSIS

The parties in this case do not appear to dispute that the jurisdictional minimum has been met or that both Plaintiff and Wardlaw are Texas residents. Defendants argue that Wardlaw was improperly joined in this case because Plaintiff's pleadings fail to sufficiently allege a "factual fit" between Wardlaw's conduct and the alleged violations of law.

Plaintiff's Petition alleges that Defendants committed violations of, among other things, the Texas Deceptive Trade Practices Act ("DTPA"), the Texas Insurance Code,

common law duties of good faith and fair dealing, fiduciary duties, and common law fraud. Defendants correctly note that Plaintiff accuses all Defendants collectively with respect to these allegations, however this is unsurprising given that Plaintiff was, at the time he filed his Petition, unaware of the identities of the claims adjusters. Consequently, Plaintiff states only that "[a]s part of the process, Scottsdale hired John Doe #1 and John Doe #2 to adjust Plaintiff's property." After removal by Defendants, Plaintiff amended his Petition and filed a First Amended Complaint ("Complaint") to name Wardlaw and Lollar, the identified claims adjusters, by name.

The parties do not appear to dispute that Texas law recognizes a cause of action against an insurance adjuster for violations of the Texas Insurance Code, DTPA, and for common law fraud. *See, e.g.*, *Liberty Mutual Ins. Co. v. Garrison Constractor's Inc.*, 966 S.W.2d 482, 484-86 (Tex. 1998); *Gasch v. Harford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Nonetheless, Defendants argue that Plaintiff's allegations against Wardlaw are deficient because his Petition and Complaint contain only conclusory recitations of the law without naming specific actions taken by Wardlaw that allegedly violated the law. According to Defendants, such a pleading is not sufficient to show a reasonable basis for the Court to predict that Plaintiff might be able to recover from the Wardlaw, the only non-diverse Defendant.

Plaintiff's Petition clearly alleges that his property was damaged, that Wardlaw was tasked with handling and adjusting his insurance claim, and that he failed to fulfill this task in compliance with the law. Both the Petition and the Complaint list specific ways in which the Defendants violated the law, including, among other things, that Defendants misrepresented to Plaintiffs pertinent facts or policy provisions related to the

coverage at issue, failed to affirm or deny coverage of Plaintiff's claims within a reasonable time, and failed to promptly provide a reasonable explanation for the denial of a claim. Although it is true that Plaintiff's pleadings do not parse out the actions of Wardlaw from the other Defendants, it is neither unreasonable nor unusual that Plaintiff would be unaware, prior to conducting any discovery, of the specific actions taken by each of the Defendants with respect to adjustment of his claim. Defendants' argument, in essence, appears to be that Plaintiff's pleadings are insufficiently detailed to meet federal pleading requirements; however, this argument is of limited relevance to the current inquiry whether there is a reasonable basis to predict that Plaintiff might recover against Wardlaw in state court.

The Court therefore holds that Plaintiff's allegations do in fact state a claim under state law against the non-diverse defendant, Wardlaw, and, if proven true, do create the reasonable possibility that Plaintiff could prevail in these claims. The Court accordingly concludes that there has been no fraudulent joinder of Wardlaw, the non-diverse Defendant.

The Court notes that this result is consistent with recent Southern District of Texas opinions involving similar facts and circumstances. *See, e.g.*, *Juan Campos v. American Bankers Insurance Company of Florida, et al.*, No. H-10-0594, 2010 WL 2640139 (S.D. Tex. June 30, 2010); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010); *but see Jimenez v. Travelers Indemnity Company*, No. H-09-1308, 2010 WL 1257802, at *4-6 (S.D. Tex. March 25, 2010) (denying remand because the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim). Unlike those cases in which remand has been

denied, Defendants in this case provide no evidence on the basis of which the Court could conclude that Plaintiff has no reasonable possibility of recovering against Wardlaw, the hired claims adjuster.

Therefore, because Wardlaw is a properly joined Defendant in this matter, complete diversity does not exist and this Court lacks jurisdiction. Remand is therefore appropriate.

## IV.     CONCLUSION

Because Defendants have failed to establish that Wardlaw, a non-diverse Defendant, was improperly joined in this case, the Court lacks diversity jurisdiction. Plaintiff's Motion to Remand (Doc. No. 13) is **GRANTED**. This action is hereby **REMANDED** to 11th District of Harris County, Texas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 12th day of August, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE